# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT JAMES WOOD, | ) CASE NO. 1:10-cv-00249-OWW-GSA PC |
| Plaintiff, | ) FINDINGS AND RECOMMENDATIONS<br>) RECOMMENDING DISMISSAL OF ACTION,<br>) WITH PREJUDICE, FOR FAILURE TO<br>) STATE A CLAIM UNDER SECTION 1983 |
| v. | ) |
| JAMES YATES, et al., | ) |
| Defendants. | ) |
| | ) OBJECTIONS DUE WITHIN THIRTY DAYS |

**Findings and Recommendations Following Screening of Complaint**

**I.     Screening Requirement**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on April 9, 2008.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." <u>Swierkiewicz</u>, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." <u>Neitze v. Williams</u>, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." <u>Bruns v. Nat'l Credit Union Admin.</u>, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.    **Plaintiff's Claims**

### A.    **Summary of Complaint**

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at the California Medical Facility at Vacaville, brings this civil rights action against correctional officials employed by the CDCR at Pleasant Valley State Prison (PVSP). The allegations in this lawsuit stem from Plaintiff's transfer to Vacaville from Pleasant Valley. Plaintiff names the following individual defendants: James Yates, PVSP Warden; Correctional Officer (C/O) Reisner; C/O Valencia; C/O Collins; C/O Modenaldo; C/O Sharp; the CDCR.

On July 13, 2009, while at PVSP, Plaintiff was ordered to pack all of his property in preparation for a scheduled transfer to CMF Vacaville. (Compl. 9:7.) Plaintiff was advised that he was only allowed to send six cubic feet of his property at state expense. Plaintiff was advised that the rest of his property would be held in storage for 30 days, and destroyed if he did not ship it home. (Compl. 10:9.) Plaintiff alleges that Defendant Collins then informed him that if his property was not sent via UPS in fifteen days at a cost of $100.00, she would dispose of Plaintiff's property.

On July 16, 2009, Plaintiff was received at CMF Vacaville. (Compl. 11:26.) Plaintiff alleges that he received 5 of the 11 boxes that he packed. Plaintiff alleges that on July 30, 2009, he was informed that the remaining 6 boxes would be shipped to him at a later date. (Compl. 12:11.) Plaintiff does not allege whether he ever received the boxes.

2

B. **Deprivation of Property**

Where a prisoner challenges the deprivation of a liberty or property interest, caused by the unauthorized negligent or intentional action of a prison official, the prisoner cannot state a constitutional claim where the state provides an adequate post-deprivation remedy.  See Zinermon v. Burch, 494 U.S. 113, 129-30 (1990); Hudson v. Palmer, 468 U.S. 517, 533 (1984); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam); Raditch v. United States, 929 F.2d 478, 481 (9th Cir. 1991); Taylor v. Knapp, 871 f.2d 803, 805 (9th Cir. 1989).   California Law provides an adequate post-deprivation remedy for any unauthorized property deprivations.  Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).   The allegations of the complaint indicate that the deprivation complained of was unauthorized.  He cannot therefore state a constitutional claim.

C. **Supervisory Liability**

As to Warden Yates, under section 1983, Plaintiff must prove that the Defendants holding supervisory positions personally participated in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  There is no respondeat superior liability, and each defendant is only liable for his or her own misconduct.  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1948-49 (2009).  A supervisor may be held liable for the constitutional violations of his or her subordinates only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them."  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  Because Plaintiff has not alleged any facts indicating a constitutional deprivation, he cannot hold Yates liable for participation in or a failure to prevent the violation.

D. **CDCR**

"The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state.  Though its language might suggest otherwise, the Eleventh Amendment has long been construed to extend  to suits brought against a state both by its own citizens, as well as by citizens of other states."  Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991); see also Seminole Tribe of Florida v. Florida, 517 U.S. 44 (1996); Puerto Rico Aqueduct Sewer Authority v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Austin v. State Indus. Ins. Sys.,

3

1 | 939 F.2d 676, 677 (9th Cir. 1991).

2 | The Eleventh Amendment bars suits against state agencies as well as those where the state

3 | itself is named as a defendant. See Natural Resources Defense Council v. California Department of

4 | Transportation, 96 F.3d 420, 421 (9th Cir. 1996); Brooks, 951 F.2d at 1053; Taylor v. List, 880 F.2d

5 | 1040, 1045 (9th Cir. 1989) (concluding that Nevada Department of Prisons was a state agency

6 | entitled to Eleventh Amendment immunity); Mitchell v. Los Angeles Community College District,

7 | 861 F.2d 198, 201 (9th Cir. 1989).   The CDCR, an agency of the state of California, is therefore

8 | immune from suit under section n1983.

9 | **III.   Conclusion and Recommendation**

10 | Plaintiff's complaint does not state any cognizable claims under section 1983.  Plaintiff's

11 | claims stem from an unauthorized taking of his property.  Because California has an adequate

12 | postdeprivation remedy, Plaintiff cannot state a claim for relief.   Because the Court finds that these

13 | deficiencies are not capable of being cured by amendment, the Court HEREBY RECOMMENDS

14 | dismissal of this action, with prejudice, for failure to state a claim.  Noll v. Carlson, 809 F.2d 1446,

15 | 1448-49 (9th Cir. 1987).

16 | These Findings and Recommendations will be submitted to the United States District Judge

17 | assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30)**

18 | **days** after being served with these Findings and Recommendations, Plaintiff may file written

19 | objections with the Court.  The document should be captioned "Objections to Magistrate Judge's

20 | Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

21 | specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d

22 | 1153 (9th Cir. 1991).

23 |

24 |

25 | IT IS SO ORDERED.

26 | **Dated:    December 17, 2010**                    _____/s/ **Gary S. Austin**_____
   |                                                              UNITED STATES MAGISTRATE JUDGE

27 |

28 |

4