IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT JAMES WOOD, | 1:10-cv-00249-OWW-GSA-PC |
| Plaintiff, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS (Doc. 7.) |
| vs. | |
| JAMES YATES, et al., | ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983 |
| Defendants. | ORDER FOR THIS DISMISSAL TO COUNT AS A STRIKE PURSUANT TO 28 U.S.C. § 1915(g) |
| | ORDER DIRECTING CLERK TO CLOSE CASE |

Robert James Wood ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On December 17, 2010, findings and recommendations were entered, recommending that this action be dismissed, with prejudice, based on plaintiff's failure to state a claim. (Doc. 7.) Plaintiff filed untimely objections on February 25, 2011. (Doc. 11.)

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, including Plaintiff's untimely objections, the Court finds the findings and recommendations to be supported by the record and proper analysis.

1

In the objections, Plaintiff argues that he should be granted leave to amend the complaint to bring claims for violation of due process and denial of access to the courts, based on allegations in the complaint that defendants destroyed some of his personal property without authorization when he was transferred from one facility to another. With regard to due process, Plaintiff alleges that defendants destroyed his property without informing him under requirements in the California Penal Code. Plaintiff was informed in the findings and recommendations that his challenge to the deprivation of a property interest caused by unauthorized action of a prison official cannot state a constitutional claim because California law provides an adequate post-deprivation remedy. See Zinermon v. Burch, 494 U.S. 113, 129-30 (1990); Hudson v. Palmer, 468 U.S. 517, 533 (1984); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam); Raditch v. United States, 929 F.2d 478, 481 (9th Cir. 1991); Taylor v. Knapp, 871 f.2d 803, 805 (9th Cir. 1989); Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895). Under the facts alleged, Plaintiff cannot state a claim for violation of due process. Therefore, he shall not be granted leave to amend the complaint to bring a due process claim.

With regard to denial of access to the courts, Plaintiff alleges that he was shut out of court because his habeas corpus petition was dismissed in the Central District of California as a result of the destruction of his personal property by defendants. However, Plaintiff indicates that his habeas corpus petition is currently on appeal at the Ninth Circuit. In light of the pending appeal, Plaintiff cannot demonstrate that he has been shut out of court, and therefore cannot state a claim for denial of access to the courts. Christopher v. Harbury, 536 U.S. 403, 415, 122 S.Ct. 2179, 2185-87 (2002); Lewis v. Casey, 518 U.S. 343, 351, 116 S.Ct. 2174 (1996); Phillips v. Hust, 588 F.3d 652, 655 (9th Cir. 2009). Therefore, he shall not be granted leave to amend the complaint to bring a claim for denial of access to the courts.

Accordingly, THE COURT HEREBY ORDERS that:

1. The Findings and Recommendations issued by the Magistrate Judge on December 17, 2010, are adopted in full;

2. This action is dismissed with prejudice, based on Plaintiff's failure to state a claim;

2

3. This dismissal shall count as a strike pursuant to 28 U.S.C. § 1915(g); and

4. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

**Dated:**   **March 2, 2011**                             **/s/ Oliver W. Wanger**
                                                                          UNITED STATES DISTRICT JUDGE